IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 14-cv-00867-CBS

CHRISTOPHER ALAN KASSNER,
    Plaintiff,
v.

BARACK HUSSEIN OBAMA, (POTUS),
ERIC K. SHINSEKI, Secretary of Veterans Affairs,
ALLISON A. HICKEY, VA Undersecretary for Benefits,
WILLIAM A. KANE, Director VARO, Denver, Colorado
MELANIE RENAYE MURPHY, Asst. Director, VARO, Denver, Colorado,
MICHAEL S. KUBACKI, VSO, Denver VARO,
JAMES P. TERRY, Chairman - Board of Veterans Appeals,
KIMBERLY E. HARRISON-OSBORNE, Board of Veterans Appeals,
KATHERINE GRAHAM, VAOPC, Golden, CO,
LYNETTE A. ROFF, Director, Denver VAMC,
DR. RILEY, VAOPC, Golden, CO,
    Defendants.
_____

ORDER OF DISMISSAL WITHOUT PREJUDICE
_____

This civil action comes before the court regarding Plaintiff's failure to file proof of timely service on Defendants, failure to comply with the Federal Rules of Civil Procedure, failure to prosecute this civil action, and failure to respond to the court's Order to Show Cause dated August 6, 2014. This civil action was assigned to the Magistrate Judge pursuant to the Pilot Program to Implement the Direct Assignment of Civil Cases to Full Time Magistrate Judges. The court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises.

Proceeding in his *pro se* capacity, Mr. Kassner paid the filing fee and filed his Complaint on March 25, 2014. (*See* Doc. # 1). He alleges violation of his constitutional rights related to

1

Veterans Administration medical treatment and benefits. (*See id.*). He seeks "reimbursement, ... [c]ompensation for VA medical malpractice, . . . [c]ompensation for VA criminal negligence," and " [p]unishment of VA officials . . . ." (*See id.*).

A court cannot obtain personal jurisdiction over a party without proper service of process. *See Murphy Brothers, Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.") (citation omitted); *Oklahoma Radio Associates v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992) ("Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served") (citations omitted); *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991) ("A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant. Effective service of process is therefore a prerequisite to proceeding further in a case.").

Fed. R. Civ. P. 4(m) provides that the court shall dismiss an action without prejudice as to any defendant who has not been served within 120 days of the filing of the action:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Defendants have been named in this case since the filing of the Complaint on March 25, 2014. As of this date, 183 days have passed since the filing of the Complaint and the record before the court indicates that Defendants have not been served in this action. To date, Defendants have not filed a waiver of service or appeared in the case. Mr. Kassner has not requested or shown good cause for an extension of time to serve

Defendants.  Sufficient time has been afforded such that Defendants may properly be dismissed without prejudice from this civil action for failure to effect service within the time limit of Fed. R. Civ. P. 4(m) and pursuant to D. C. COLO. LR 41.1 for failure to prosecute.

On August 6, 2014 the court issued an order directing Mr. Kassner to show cause on or before August 28, 2014 why this civil action should not be dismissed for failure to file proof of timely service on Defendants, failure to comply with the Federal Rules of Civil Procedure, and failure to prosecute this civil action.  (*See* Order to Show Cause (Doc. # 4)).  *See also* D.C. COLO. LCivR 41.1 ("A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order.").  "If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice."  D.C. COLO. LCivR 41.1.  *See also AdvantEdge Business Group v. Thomas E. Mestmaker*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.") (internal quotation marks and citation omitted);  *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008) ("Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or comply with the Rules or any order of the court.");  *Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1151 (10th Cir. 2007) ("Rule [41(b)] has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute. . . .").  The court advised Mr. Kassner that failure to adequately respond to the Order to Show Cause on or before August 28, 2014 may result in dismissal of this civil action without further notice.  (*See* Doc. # 4).  As of this date Mr. Kassner

has not responded to the court's Order to Show Cause. The court's records reflect that Mr. Kassner's copy of the Order Show Cause was not returned to the court as undeliverable.

When dismissing a case without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *AdvantEdge Business Group*, 552 F.3d at 1236 (internal quotation marks and citation omitted). The Tenth Circuit "has recognized that a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired." *Id.* (citation omitted). Mr. Kassner has not addressed the possible running of a statute of limitations or identified any applicable limitation periods or tolling provisions. The court is not convinced that it is required to *sua sponte* attempt to identify and apply any limitations periods or tolling provisions applicable to Mr. Kassner's Complaint.

Accordingly, IT IS ORDERED that this civil action is dismissed without prejudice for failure to file proof of timely service on Defendants, failure to comply with court orders, the Local Rules of Practice for the United States District Court for the District of Colorado, and the Federal Rules of Civil Procedure, failure to respond to the court's Order to Show Cause dated August 6, 2014, and failure to prosecute this civil action.

DATED at Denver, Colorado, this 24th day of September, 2014.

BY THE COURT:

    s/Craig B. Shaffer
United States Magistrate Judge